IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RESULCAN DEMETGUL,

    Petitioner,

v.                                                                                    No. 2:26-cv-00342-KG-DLM

DORA CASTRO, et al.,

    Respondents.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Resulcan Demetgul's Petition for a Writ of Habeas

Corpus, Doc. 1, and the Government's Response, Doc. 6.  Because Petitioner's challenge

presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and

grants his petition for the reasons below.

### I.    *Background*

Petitioner, a Turkish citizen, entered the United States in 2022.

DHS arrested Petitioner in El Paso while he was driving his truck.  *Id.* at 9.  Petitioner

remains detained at the Otero County Processing Center in New Mexico.  *Id.*  He seeks

immediate release, or, in the alternative, a prompt bond hearing.  *Id.* at 10.

### II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

1

### III.    Analysis

For the reasons below, the Court finds that (A) 8 U.S.C. § 1226 governs Petitioner's detention, (B) Petitioner's detention violates his right to due process, and (C) the proper remedy is a bond hearing where the Government bears the burden of proof.

### A.    Section 1226 governs Petitioner's detention.

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted."  The "provision mandates detention and affords no bond hearing."  *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.).  By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens "detained under this second detention regime are entitled to individualized bond hearings at the outset of detention."  *Pu Sacvin*, 2025 WL 3187432, at *1.

Consistent with the overwhelming majority of district courts to consider the issue and this Court's prior findings, the Court finds that § 1226 governs here.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts); *Pu Sacvin*, 2025 WL 3187432 (Gonzales, J.); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.).  Section 1225(a)(1) defines an "applicant for admission" as a noncitizen "who has not been admitted *or* who arrives in the United States."  In contrast, § 1225(b)(2)(A)'s detention mandate applies only to noncitizens "*seeking* admission" (emphasis

added).  Noncitizens "seeking admission" are those who have not "effected an entry" into the

United States.  *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  Noncitizens "who entered the

country years earlier" are not "seeking admission," and therefore fall under § 1226 rather than

§ 1225(b)(2)(A).  *Pu Sacvin*, 2025 WL 3187432, at *3.  The Court acknowledges the recent Fifth

Circuit decision holding that "[w]hile [noncitizens] remain applicants" for admission, "they

are...seeking admission."  *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5

(5th Cir.).  However, the Tenth Circuit has not yet addressed this question.

Under this framework, § 1226 governs Petitioner's detention.  ICE arrested him years

after his initial entry into the United States.  Doc. 1 at 9.  Accordingly, § 1225's mandatory

detention provision does not apply because Petitioner effected an entry into the United States by

living here for four years.  *Pu Sacvin*, 2025 WL 3187432, at *3.

> **B.      *Petitioner's detention violates his right to due process*.**

Courts analyze due process claims in two steps: first, whether there exists "a protected

liberty interest under the Due Process Clause," and second, whether the procedures used to

deprive that interest "accord with the Constitution."  *Domingo v. Castro*, 2025 WL 2941217, at

*3 (D.N.M.).

Here, Petitioner has a protected liberty interest.  After residing in the United States,

noncitizens acquire "a protectable liberty interest in remaining out of custody on bond."

*Danierov*, 2026 WL 45288, at *2.  Petitioner's prior release allowed "him to do a wide range of

things," including to live at home, work, and "be with family and friends and to form the other

enduring attachments of normal life."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

Petitioner was also entitled to procedural safeguards before he was detained.  In

determining what process is due, courts consider (1) "the private interest" affected; (2) "the risk

of erroneous deprivation" through the procedures used and the probable value of additional safeguards; and (3) "the Government's interest," including the fiscal and administrative burdens of additional procedures. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To start, Petitioner's private interest in remaining free from detention is substantial. "Freedom from imprisonment...lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

There is also a significant risk of erroneous deprivation. Courts require "a material change in circumstances as to whether the noncitizen poses a danger to the community or an unreasonable risk of flight" before DHS revokes a noncitizen's freedom. *Danierov*, 2026 WL 45288, at *2. Petitioner was redetained after three years without a bond hearing. Doc. 1 at 9. No assessment was made as to whether any material facts had changed, creating a substantial risk of erroneous deprivation of his liberty interest.

Finally, the Government's interest in detaining Petitioner without a hearing is limited and the administrative burden of providing a bond hearing is minimal. *See Danierov*, 2026 WL 45288, at *2 (the "cost of providing a bond determination is not terribly burdensome").

### C. *The remedy is a bond hearing where the Government bears the burden of proof.*

The proper habeas remedy is a prompt bond hearing at which the Government must prove, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. Although "under normal circumstances, the burden" at a § 1226 hearing "is on the noncitizen" to show that detention is unwarranted, Petitioner's "unlawful detention in violation of his constitutional rights shifts that burden to the Government." *Pu Sacvin*, 2025 WL 3187432, at *3. A noncitizen's "strong private interest in being free from civil detention" outweighs the Government's "comparatively minimal burden to justify custody." *Id.*

*IV.*    *Conclusion*

The Court therefore grants Petitioner's petition, Doc. 1.  The Court orders that the

Government provide Petitioner with a bond hearing under § 1226(a) before an IJ within seven

days of this Order.  At that hearing, the Government must justify Petitioner's continued detention

by clear and convincing evidence.  If the Government fails to provide a bond hearing within that

timeframe, it must release him.

The Court further orders the Government to file a status report within ten days of this

Order confirming that it has provided Petitioner with a bond hearing or released him.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.