IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RESULCAN DEMETGUL

    Petitioner,

v.                                                                         No. 2:26-cv-00342-KG-DLM

DORA CASTRO, et al.,

    Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Petitioner Resulcan Demetgul's Motion to Enforce, Docs. 10 and 11, and the Government's Response, Doc. 14.  Petitioner argues that the bond hearing held after the Court's prior Order, Doc. 7, did not comply with the due process requirements set forth in that Order.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

### I.    *Background*

Petitioner is a Turkish citizen who entered the United States in 2022 and was arrested by the Department of Homeland Security ("DHS").  Doc. 1 at 9.  He remains detained at the Otero County Processing Center in New Mexico.  *Id.*

Petitioner filed a Petition for a Writ of Habeas Corpus, Doc. 1, and the Court held that Petitioner's detention absent a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 7 at 2, 3.  On March 4, 2026, the Court ordered the Government to provide a bond hearing within seven days, at which it had the

---

[1] The DAR of the Bond Hearing (March 10, 2026) is on file with the Court and lodged at Doc. 15 (the "Audio Recording").

burden to justify his continued detention by clear and convincing evidence, or release him. *Id.* at 5.

An Immigration Judge ("IJ") presided over the hearing on March 10, 2026. *See* Doc. 15 at 1. During the hearing, the IJ stated "the federal district judge has shifted the burden in this case." Audio Recording at 2:14. The Government argued that Petitioner "is a flight risk" and based on "his manner of entry and that he has a final removal order." *Id.* at 3:04. After hearing from the Government, the IJ then heard from Petitioner. *Id.* at 5:42. The IJ "will find that [Petitioner] is a flight risk due to the fact that all relief has been denied in [his] previous case." *Id.* at 7:04. The IJ also determined Petitioner's "manner of entry also supports [him] being a flight risk." *Id.* at 7:28. The IJ informed Petitioner of his right to appeal, which Petitioner reserved. *Id.* at 8:00.

Petitioner moves to enforce the Court's prior order, arguing that the IJ "did not have any reason to deny the bond." Doc. 10 at 2.

## II.    *Analysis*

Petitioner's bond hearing satisfied the due process requirements set forth in this Court's prior order. Under ordinary circumstances, "the burden" at an 8 U.S.C. § 1226 bond hearing "is on the noncitizen" to show that detention is unwarranted. *Salazar v. Dedos*, 2025 WL 2676729, at *3 (D.N.M.). In granting Petitioner's habeas petition, however, this Court held that due process required shifting that burden to the Government. Doc. 7 at 5. Nothing in the record demonstrates that the IJ failed to apply the burden-shifting framework. In fact, the IJ only heard argument from the Government, indicating the burden on the Government. Audio Recording at 3:04. The fact that the IJ concluded that Petitioner is a flight risk after only hearing substantive argument from the Government indicates appropriate burden shifting. *Id.* at 7:04. This Court's

jurisdiction does not extend to reconsidering the IJ's bond determination once the burden was properly shifted.

### III.    Conclusion

Petitioner's Motion to Enforce this Court's prior habeas Order, Docs. 10 and 11, are denied.  Petitioner's Motion for Final Decision, Doc. 13, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.